UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Complaint of Edwin Leebrick, as Owner of the Vessel GREAT ESCAPE, Hull Identification No. TLY34600108182 Petitioning for Exoneration from or Limitation of Liability. | IN ADMIRALTY<br><br>No.: 2:25-cv-02675 RSM<br><br>**ORDER DIRECTING NOTICE TO CLAIMANTS TO ISSUE AND RESTRAIN ALL SUITS**<br><br>**[46 U.S.C. § 30501 *et seq*.; and Federal Rules of Civil Procedure Supplemental Rule F]** |

It appearing that a Complaint has been filed in the above-captioned court by Edwin Leebrick ("Plaintiff"), as the owner of the Vessel GREAT ESCAPE, a 1982 Tollycraft Tri-Cabin, Hull Identification No. TLY34600108182 and her engines, tackles, appurtenances, etc. ("Vessel"), requesting exoneration from, or limitation of, liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, with respect to any and all losses, damages or claims, arising out of, resulting from, or in any manner connected with, the matters set forth in the Complaint, and the Complaint having stated the facts and circumstances upon which exoneration or limitation are claimed, and it appearing that the value of Plaintiff's interest in the Vessel immediately following the fire was worth zero dollars, and it further appearing that Plaintiff has filed a Motion for Approval of Stipulation for Value; Approval of Notice to Claimants of Complaint; Order Directing Notice to Issue and Restraining all Suits; and Order Directing Execution of Notice to Claimants and

Publication of Notice, and it further appearing that claims have been made, or will be made, against Plaintiff or the Vessel, for losses or damages arising out of, or in some manner connected with, the matters set forth in the Complaint;

**NOW, THEREFORE**, on application of Plaintiff and Pursuant to Rules F(3) and F(4) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions:

**IT IS ORDERED** that the institution or prosecution of any and all suits, actions or legal proceedings of any nature and description whatsoever, against Plaintiff or the Vessel, whether presently ongoing, filed but unknown, or to be filed in the future, except in this proceeding, with respect to any claims for injuries or damages arising out of, resulting from, or in any manner connected with that which the Complaint in this action seeks exoneration from, or limitation of, liability be, and the same hereby are, stayed and restrained until the hearing and final determination of this proceeding;

**IT IS FURTHER ORDERED** that a notice to the claimants issue out of and under the seal of this Court to all persons and entities asserting any claim with respect to that which the Complaint in this action seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court at the United States Courthouse, in writing and under oath, and to serve a copy thereof on the attorneys for Plaintiff, on or before the 23rd day of February, 2026, or be deemed in contumacy and default;

**IT IS FURTHER ORDERED** that pursuant to Local Admiralty Rule 150 public notice of the Notice to Claimants and this action be published by Plaintiff in the Seattle Daily Journal of Commerce, a newspaper published Monday through Saturday. The Notice will be substantially in the form as that filed concurrently herewith and entitled, "Notice of Complaint," at least once in each week for four (4) successive weeks prior to the date hereinabove fixed for the filing of claims (February 23, 2026).

**IT IS FURTHER ORDERED** that Plaintiff, not later than the date of the second publication, shall mail a copy of the Notice to every person and entity known to have asserted any claim against Plaintiff or the Vessel, arising out of, resulting from, or in any manner connected with, that which the Complaint in this action seeks exoneration from, or limitation of, liability, and in those cases where the person or entity making the claim is known to have an attorney, the Notice shall be mailed to such attorney;

**IT IS FURTHER ORDERED** that service of this Order as a restraining order may be had by mailing a certified copy of this Order to the persons to be restrained, or their attorneys acting on their behalf.

**IT IS SO ORDERED** this 5th day of December, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE